**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

|  |  |
|---|---|
| LONG ISLAND NEUROSCIENCE SPECIALISTS LLP,<br><br>Plaintiff,<br><br>-against-<br><br>OSCAR HEALTH, INC.,<br><br>Defendant. | Index No.: 2:25-cv-05813-JMW<br><br><br>**AMENDED COMPLAINT** |

Plaintiff Long Island Neuroscience Specialists LLP ("Plaintiff"), by and through its attorneys, Gottlieb & Greenspan, LLC, by way of Amended Complaint against Oscar Health, Inc. ("Defendant"), alleges as follows:

**PARTIES, JURISDICTION, AND VENUE**

1.     Plaintiff is a medical provider with a principal place of business at 285 Sills Building East, Suite EE, Patchogue, New York 11712.

2.     Upon information and belief, Defendant is engaged in providing and/or administering health care plans or policies in the state of New York.

3.     This court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 because this action arises under federal law, specifically under the Employment Retirement Income Security Act ("ERISA") 29 U.S.C. § 1001 *et seq.* as the insurance policies at issue are governed by ERISA.

4.     Venue is proper in the United States District Court for the Eastern District of New York, pursuant to 28 U.S.C. § 1391, because a substantial part of the events giving rise to this action occurred within the district.

**FACTUAL BACKGROUND**

5.      The Federal No Surprises Act ("NSA") became effective January 1, 2022. The NSA creates for medical providers a direct right to payment from insurers and health plans of the amount an Independent Dispute Resolution ("IDR") entity determines is owed for the medical services provided. *See* 42 U.S.C. § 300gg-111(c)(6). This amount must be paid within thirty days of the determination. *Id*.

6.      The NSA became effective January 1, 2022.  It is implemented and enforced by the combined efforts of the U.S. Departments of Labor, Health and Human Services, and the Treasury (the "Departments"), which together created a mandatory federal dispute resolution process to determine pricing for medical services rendered by out-of-network ("OON") medical providers for individuals who are covered by commercial insurance.

7.      Under the NSA, a health plan has thirty (30) days from the date the bill is transmitted by the provider to pay or deny the claim.  42 U.S.C. § 300gg-112(a)(3)(A-B).  Insurers are allowed to initially pay the OON provider what the law refers to as a Qualifying Payment Amount ("QPA").  If the provider does not accept the QPA as payment in full, the provider may initiate an "open negotiation period" to attempt to negotiate a higher amount.  *Id.* § (b)(1)(A).  If the negotiations fail, the provider may initiate the IDR process.  *Id.* § (b)(1)(B).

8.      The IDR process requires both parties to submit position statements and proposed offers of payment for the services at issue to a third-party IDR entity.  *Id.* § (b)(5)(B)(i)(I).  The IDR entity then evaluates both proposed offers based on several statutory factors and selects one as the appropriate OON payment for the services provided.  *Id.* § (b)(5)(C).  After an IDR determination, the health plan is required to pay any amount owed **within thirty (30) days**.  *Id.* § (c)(6).

9.      Plaintiff is a medical provider who specializes in back, neck and brain surgery and pain management.

10.     As an out-of-network provider, Plaintiff does not have a network contract that would determine or limit payment for Plaintiff's services to Defendant's members.

11.     However, since the services were rendered in a participating network facility, Patient's treatments were subject to reimbursement pursuant to the NSA, 42 U.S.C. § 300gg-11 *et seq*.

12.     On October 5, 2023, Sumeer Sathi, M.D. and Stephen P. Leon, M.D., surgeons employed by Plaintiff, provided medical treatment for a 63-year-old male identified as D.P. ("Patient D.P.") at John T. Mather Memorial Hospital, located in Port Jefferson, New York.

13.     At the time of his treatment, Patient D.P. was the beneficiary of a health plan issued and/or administered by Defendant.

14.     After treating Patient D.P., Plaintiff submitted a Health Insurance Claim Form ("HCFA") medical bill to Defendant seeking payment for the procedure, itemized under Current Procedural Terminology ("CPT") codes:

      a.      $33,000.00 for CPT code 22842;

      b.      $33,000.00 for CPT code 22610;

      c.      $44,000.00 for CPT code 63046;

      d.      $44,000.00 for CPT code 22610;

      e.      $44,000.00 for CPT code 22842;

      f.      $22,000.00 for CPT code 61783;

      g.      $16,500.00 for CPT code 63048;

      h.      $2,349.60 for CPT code 62267; and

i.      $33,000.00 for CPT code 22614.

15.     In response to Plaintiff's HCFA, Defendant allowed the following payments:

a.      $2,097.92 for CPT code 22842;

b.      $1,333.42 for CPT code 22610;

c.      $18,592.75 for CPT code 63046;

d.      $8,333.88 for CPT code 22610;

e.      $13,112.00 for CPT code 22842;

f.      $3,696.55 for CPT code 61783;

g.      $8,250.00 for CPT code 63048;

h.      $330.00 for CPT code 62267; and

i.      $13,200.00 for CPT code 22614.

16.     Because the disputes were not resolved during the negotiation period, Plaintiff initiated arbitrations called for by the NSA.

**DISP-1737173:**

17.     On October 17, 2024, the arbitrator ruled in Plaintiff's favor under Arbitration Dispute DISP-1737173, awarding Plaintiff a total of $33,000.00, amounting to an additional $30,902.08 over Defendant's initial payment. *See* Exhibit A (Dkt. 1-1).

18.     Pursuant to the NSA, the determination of the arbitration award under DISP-1737173 is legally "binding upon the parties involved." 42 U.S.C. § 300gg–111(c)(5)(E)(i)(I).

19.     However, Defendant failed to issue the arbitration payment to Plaintiff even though its deadline to do so was November 16, 2024.

20.     As of the date of this Amended Complaint, over 400 days have elapsed since Defendant's deadline to submit the award payment to Plaintiff.

21.    For DISP-1737173, Defendant has failed to pay $30,902.08, which is currently due and owing.

**DISP-999442:**

22.    On November 8, 2024, the arbitrator ruled in Plaintiff's favor under Arbitration Dispute DISP-999442, awarding Plaintiff a total of $33,000.00, amounting to an additional $31,666.58 over Defendant's initial payment. *See* Exhibit B (Dkt. 1-2).

23.    Pursuant to the NSA, the determination of the arbitration award under DISP-999442 is legally "binding upon the parties involved." 42 U.S.C. § 300gg–111(c)(5)(E)(i)(I).

24.    However, Defendant failed to issue the arbitration payment to Plaintiff even though its deadline to do so was December 8, 2024.

25.    As of the date of this Amended Complaint, over 375 days have elapsed since Defendant's deadline to submit the award payment to Plaintiff.

26.    For DISP-999442, Defendant has failed to pay $31,666.58, which is currently due and owing.

**DISP-1116443:**

27.    On November 11, 2024, the arbitrator ruled in Plaintiff's favor under Arbitration Dispute DISP-1116444, awarding Plaintiff a total of $38,362.50, amounting to an additional $30,028.62 over Defendant's initial payment. *See* Exhibit C (Dkt. 1-3).

28.    Pursuant to the NSA, the determination of the arbitration award under DISP-1116443 is legally "binding upon the parties involved." 42 U.S.C. § 300gg–111(c)(5)(E)(i)(I).

29.    However, Defendant failed to issue the arbitration payment to Plaintiff even though its deadline to do so was December 11, 2024.

30.     As of the date of this Amended Complaint, over 375 days have elapsed since Defendant's deadline to submit the award payment to Plaintiff.

**DISP-1116444:**

31.     On November 11, 2024, the arbitrator ruled in Plaintiff's favor under Arbitration Dispute DISP-1116444, awarding Plaintiff a total of $39,000.00, amounting to an additional $20,407.25 over Defendant's initial payment. *See* Exhibit D (Dkt. 1-4).

32.     Pursuant to the NSA, the determination of the arbitration award under DISP-1116444 is legally "binding upon the parties involved." 42 U.S.C. § 300gg–111(c)(5)(E)(i)(I).

33.     However, Defendant failed to issue the arbitration payment to Plaintiff even though its deadline to do so was December 11, 2024.

34.     As of the date of this Complaint, over 375 days have elapsed since Defendant's deadline to submit the award payment to Plaintiff.

**DISP-1116445:**

35.     On November 11, 2024, the arbitrator ruled in Plaintiff's favor under Arbitration Dispute DISP-1116445, awarding Plaintiff a total of $39,000.00, amounting to an additional $25,888.00 over Defendant's initial payment. *See* Exhibit E (Dkt. 1-5).

36.     Pursuant to the NSA, the determination of the arbitration award under DISP-1116445 is legally "binding upon the parties involved." 42 U.S.C. § 300gg–111(c)(5)(E)(i)(I).

37.     However, Defendant failed to issue the arbitration payment to Plaintiff even though its deadline to do so was December 11, 2024.

38.     As of the date of this Amended Complaint, over 375 days have elapsed since Defendant's deadline to submit the award payment to Plaintiff.

**DISP-1137834:**

39.     On December 12, 2024, the arbitrator ruled in Plaintiff's favor under Arbitration Dispute DISP-1137834, awarding Plaintiff as follows:

    a.    $20,000.00, for CPT code 61783, amounting to an additional $16,303.45 over Defendant's initial payment. *See* Exhibit F (Dkt. 1-6);

    b.    $16,000.00 for CPT code 63048, amounting to an additional $7,750.00 over Defendant's initial payment. *Id.*; and

    c.    $2,300.00 for CPT code 62267, amounting to an additional $1,970.00 over Defendant's initial payment. *Id.*

40.     Pursuant to the NSA, the determination of the arbitration award under DISP-1137834 is legally "binding upon the parties involved." 42 U.S.C. § 300gg–111(c)(5)(E)(i)(I).

41.     However, Defendant failed to issue the arbitration payment to Plaintiff even though its deadline to do so was January 11, 2025.

42.     As of the date of this Amended Complaint, over 345 days have elapsed since Defendant's deadline to submit the award payment to Plaintiff.

**DISP-2037898:**

43.     On January 13, 2025, the arbitrator ruled in Plaintiff's favor under Arbitration Dispute DISP-2037898, awarding Plaintiff a total of $25,000.00, amounting to an additional $11,800.00 over Defendant's initial payment. *See* Exhibit G (Dkt. 1-7).

44.     Pursuant to the NSA, the determination of the arbitration award under DISP-2037898 is legally "binding upon the parties involved." 42 U.S.C. § 300gg–111(c)(5)(E)(i)(I).

45.     However, Defendant failed to issue the arbitration payment to Plaintiff even though its deadline to do so was February 12, 2025.

46.     As of the date of this Amended Complaint, over 310 days have elapsed since Defendant's deadline to submit the award payment to Plaintiff.

47.    Despite the legal requirement that it pay the additional amounts owed within thirty days Defendant has failed to do so.  As of the filing of this Amended Complaint, the amounts awarded, unpaid and past due by Defendant is $176,715.98.  Plaintiff seeks herein all unpaid, past due amounts as of the date the Court issues judgment, including interest, penalties and collection costs.

48.    Moreover, Defendant's failure to timely pay the IDR determinations was an abuse of discretion.  Plaintiff has suffered damage because of the nonpayment, including interest on the amounts owed and collection costs.

49.    In addition, Defendant has been unjustly enriched by retaining Plaintiff's funds and generating interest or investment income.

50.    It is against equity and good conscience to deprive Plaintiff of a remedy to enforce a "binding" IDR award issued in accordance with federal law.

## COUNT ONE

### IMPROPER DENIAL OF BENEFITS
### (ERISA SECTION 502(A)(1)(B), 29 U.S.C. § 1332(A)(1)(B))

51.    Plaintiff repeats and realleges the allegations set forth in paragraphs 1 through 50 of the Amended Complaint as if fully set forth herein.

52.    Plaintiff has been assigned the right to payment and benefits from Defendant's insureds.  Accordingly, Plaintiff steps into the shoes of, and is now considered an ERISA beneficiary pursuant to 29 U.S.C. § 1002(8) for the employer-based, ERISA governed plans Defendant is administering. As a beneficiary, Plaintiff is entitled to plan benefits and has standing to bring claims under ERISA. Defendant is responsible for NSA compliance for the plans it administers.  Plaintiff is entitled to recover payment of plan benefits from Defendant per the IDR determination.

53.     Payment of out-of-network benefits in accordance with the NSA is a benefit of all ERISA plans providing coverage for surprise or inadvertent services as defined by the NSA.  It is Defendant's responsibility to administer that benefit for the ERISA plans it administers.  Open negotiations, the IDR process, including submitting position statements, and paying IDR awards from plan funds is what Defendant has agreed to do for plan beneficiaries in connection with administering their benefit plans.  Thus, when Defendant violates the NSA through its nonpayment of IDR awards for surprise or inadvertent medical services, it breaches its obligations to the employer-based plans it administers and to the plan beneficiaries.

54.     Defendant improperly denied plan benefits by failing to pay the IDR award within thirty (30) days of the decision as required by federal law.  Defendant's actions were in derogation of Plaintiff's rights pursuant to law.  These actions also constituted an abuse of discretion by: 1) not properly interpreting plan terms that are not ambiguous; 2) exercising discretion over non-discretionary plan terms; and 3) denying Plaintiff payment and benefits under the plan terms. Plaintiff has exhausted its administrative remedies by following the NSA's procedures and obtaining IDR awards.

55.     Defendant's denial of payment and benefits upon the finality of the IDR determinations was not a  substantially justified decision, was arbitrary and capricious, was unsupported  by substantial evidence, constituted abuse of any discretion allowed, and was wrongful under all circumstances.

56.     Plaintiff, as assignee, hereby asserts a claim under ERISA Section 502(a)(1)(B), 29 U.S.C. § 1332(a)(1)(B) to enforce its rights under the plans administered by Defendant, and to obtain the plan benefits, by compelling Defendant to use plan funds to pay Plaintiff the IDR awards.

Pursuant to 29 U.S.C. § 1132(g), Plaintiff further seeks an award of reasonable attorney's fees and costs incurred in bringing this action.

## COUNT TWO

### UNJUST ENRICHMENT

57.     Plaintiff repeats and realleges the allegations set forth in paragraphs 1 through 56 of the Amended Complaint as though fully set forth herein.

58.     Defendant received the benefit of the discharge of the Defendant's duties under the plans by Plaintiff providing the underlying medical services to the Patient, Defendant's insureds. *See Plastic Surgery Center, P.A. v. Aetna Life Insurance Co.,* 967 F.3d 218 (3d Cir. 2020). The medical services were provided at Plaintiff's expense and under circumstances that would make it unjust for Defendant to retain the benefit without commensurate compensation.

59.     Defendant had reasonable notice that Plaintiff expected payment for the benefits conferred as it received invoices for the services provided.  Defendant appreciates, realizes and knows that the benefits were conferred because it issued Explanations of Benefits. Thus, there was a direct connection between Plaintiff's impoverishment and Defendant's enrichment.

60.     The dispute over the value of the benefits received was resolved in accordance with the IDR procedures in the NSA, which required payment within thirty days of the IDR decisions being issued.

61.     The NSA does not preempt a claim for unjust enrichment. *See Mod. Orthopaedics of NJ. v. Premera Blue Cross,* Case No. 2:25-cv-01087 (BRM) (JSA), 2025 U.S. Dist. LEXIS 215824, at * 32 (D.N.J. Nov. 3, 2025) (citing *Kennedy v. UnitedHealth Grp. Inc.*, No. 25 CIV. 432, 2025 U.S. Dist. LEXIS 117870, 2025 WL 1725147 at *8-9 (S.D.N.Y. June 20, 2025) (holding breach of contract and unjust enrichment claims for failure to pay for patient emergency care were

not preempted by the NSA)). Indeed, at least one federal court has indicated that the proper remedy for a medical provider to recover unpaid IDR determinations issued against an insurance carrier is in fact unjust enrichment. *See Modern Orthopaedics*, 2025 U.S. Dist. LEXIS 215824, at * 31-32 ("the NSA . . . says nothing that would preclude a provider from bringing a suit under traditional state law causes of action . . . like unjust enrichment.").

62.     Defendant improperly retained the benefits under the plans without payment to Plaintiff.

63.     Defendant has continued to improperly retain the required payment for the service provided past thirty days, which has allowed it to become further unjustly enriched by receiving interest and/or investment income because of the unlawful retention of the funds, which were unquestionably owed to Plaintiff.

64.     Plaintiff hereby seeks payment of the IDR awards as well as all benefits obtained by Defendant because of not timely paying the IDR awards, including without limitation the interest or investment income generated by such funds.

## CLAIM FOR RELIEF

**WHEREFORE**, Plaintiff demands judgment against Defendant as follows:

a.     Issuing judgment for the total amount outstanding plus pre- and post-judgment interest per 28 U.S.C. § 1961;

b.     Awarding Plaintiff its costs of suit herein and reasonable attorney's fees pursuant to ERISA Section 502(g)(1), 29 U.S.C. § 1132(g);

c.     Awarding Plaintiff as damages the return on investment or interest rate realized by Defendant on the amount owed for the IDR awards from the 31st day after the decision was issued until the date Plaintiff received payment; and

d.     Awarding Plaintiff its attorney's fees, costs, pre- and post-judgment interest, and all additional legal or equitable relief to which Plaintiff may be entitled and this Court deems just and proper.

Dated: December 22, 2025
Fair Lawn, New Jersey

**GOTTLIEB & GREENSPAN, LLC**
*Attorneys for Plaintiff*

By: /s/_Debra A. Clifford
   Debra A. Clifford
   17-17 Route 208, Suite 250
   Fair Lawn, New Jersey 07410
   (201) 644-6653
   dclifford@gottliebandgreenspan.com