**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

--------------------------------------------X

LONG ISLAND NEUROSCIENCE
SPECIALISTS LLP,

<em>Plaintiff</em>,

-against-

OSCAR HEALTH, INC.,

<em>Defendant</em>.

--------------------------------------------X

**FILED**
**CLERK**
**1/2/2026**
**U.S. DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
**LONG ISLAND OFFICE**

<u>ORDER</u>

25-cv-05813 (GRB) (JMW)

**WICKS**, Magistrate Judge:

Plaintiff Long Island Neuroscience Specialists LLP ("Plaintiff"), a medical provider, commenced this action on October 16, 2025, against Defendant Oscar Health, Inc. ("OHI" or "Defendant"). (ECF No. 1.) An Amended Complaint recently being filed on December 22, 2025, alleges that upon treating a patient who had health plans issued or administrated by Defendant, it submitted claims which to date have been paid in full despite an arbitration award in favor of Plaintiff. (*See generally*, ECF No. 12.) The operative complaint alleges two claims for improper denial of benefits under the Employment Retirement Income Security Act ("ERISA") and unjust enrichment. (*Id.*) This case is in its nascent stage and now the Court is tasked with determining if a stay of discovery is warranted pending an anticipated motion to dismiss. (*See* ECF Nos. 13-14.) Therefore, before the Court is the Defendant's unopposed Motion to Stay Discovery (ECF No. 14). For the reasons stated herein, Defendant's Motion to Stay Discovery pending the anticipated motion to dismiss (ECF No. 14) is **GRANTED**.

## THE LEGAL FRAMEWORK

"Under Fed. R. Civ. P. 26(c), a district court may stay discovery during the pendency of a dispositive motion for 'good cause' shown." *Hearn v. United States*, No. 17-CV-3703, 2018 WL 1796549, at *2 (E.D.N.Y. Apr. 16, 2018). The mere filing of a dispositive motion, in and of itself, does not halt discovery obligations in federal court. *Weitzner v. Sciton, Inc.*, No. CV 2005-2533, 2006 WL 3827422, at *1 (E.D.N.Y. Dec. 27, 2006). Rather, the moving party must make a showing of "good cause" to warrant a stay of discovery. *Chesney v. Valley Stream Union Free Sch. Dist. No. 24*, 236 F.R.D. 113, 115 (E.D.N.Y. 2006). Although a motion to stay is unopposed, the Court nonetheless undertakes a review to determine whether a stay is warranted, mainly because a request to stay litigation must be considered along with Rule 1's mandate that the Rules "be construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding." Fed. R. Civ. P. 1; *Camacho v. Nassau BOCES Sch. Dist.*, No. 21-CV-01523 (DRH)(JMW), 2021 WL 4949033, at *1 (E.D.N.Y. Oct. 25, 2021) (though the motion was unopposed, "the Court nevertheless must determine whether a stay is warranted and finds here that it is."); *see also Badr v. New York Inst. of Tech.*, No. 2:24-CV-05333 (JMA) (JMW), 2025 WL 1126473, at *1 (E.D.N.Y. Apr. 16, 2025) (same).

In evaluating whether a stay of discovery pending resolution of a motion to dismiss is appropriate, courts typically consider: "(1) whether the defendant has made a strong showing that the plaintiff's claim is unmeritorious; (2) the breadth of discovery and the burden of responding to it; and (3) the risk of unfair prejudice to the party opposing the stay." *Id.* (citation omitted). "Courts also may take into consideration the nature and complexity of the action, whether some or all of the defendants have joined in the request for a stay, and the posture or stage of the

litigation." *Id.; Ellington Credit Fund, Ltd. v. Select Portfolio Servs., Inc.*, No. 08-CV-2437 (RJS), 2008 WL 11510668, at *2 (S.D.N.Y. June 12, 2008) (quoting *Hachette Distrib., Inc. v. Hudson Cnty. News Co*., 136 F.R.D. 356, 358 (E.D.N.Y. 1991) (in assessing good cause, courts look to "the particular circumstances and posture of each case.")). "Upon a showing of good cause[,] a district court has considerable discretion to stay discovery pursuant to Rule 26(c)." *Al Thani v. Hanke,* 20-CV-4765 (JPC), 2021 WL 23312, at *1 (S.D.N.Y. Jan. 4, 2021) (alteration in original) (quoting *Republic of Turkey v. Christies, Inc.*, 316 F. Supp. 3d 675, 677 (S.D.N.Y. 2018)).

## **DISCUSSION**

Consideration of the three factors warrants a stay under the circumstances presented. *First*, Defendant has shown that Plaintiff's claims are unmeritorious and are unlikely to survive a motion to dismiss pursuant to Fed. R. Civ. P. 12.[1] (ECF Nos. 13, 14-1) *Second*, discovery remains unclear at this stage as Plaintiff's theories have changed twice thus far, and if discovery were to proceed, all fact discovery and depositions may have to be taken, while waiting for a ruling on the anticipated motion to dismiss, which could end the case. And *third*, given the very early stages of this case and the instant motion filed as unopposed, the risk of unfair prejudice to Plaintiff is low.  Each of these factors is considered below.

### *I.*      *Defendant's Showing that Plaintiff's Claims are Unmeritorious*

Plaintiff's Amended Complaint alleges two claims—improper denial of benefits under ERISA and unjust enrichment. (*See* ECF No. 12.) No briefing schedules have been set for this anticipated motion nor are pre-motion conference letters filed yet as Defendant's time to move

---

[1] This conclusion is not intended in any way to pre-judge the motion to dismiss which has yet to be fully briefed or filed. The analysis is done solely for the purposes of determining whether a discretionary stay is appropriate.

against the operative complaint is on or before January 12, 2025. (*See* Electronic Order dated 12/16/2025.) However, Defendant attaches a memorandum in support of a motion to dismiss from a different matter in the District of New Jersey, in which similar arguments are made that it intends to make here as well as the arguments set forth in the instant motion. (*See* ECF No. 13, Exhibit A.) A review of that illustrates that Plaintiff's claims are likely to result in dismissal, warranting the stay at this stage.

Defendant is preparing to move to dismiss, which at this stage appears to be primarily pursuant to Fed. R. Civ. P. 12(b)(1) or (b)(6) for lack of standing. (*See* ECF No. 14-1 at 1, 2, 4.) While Defendant does not cite to which subsection of Rule 12 it intends to move under, its argument that it is not the proper party to litigate against could be viewed as one of statutory standing, which in turn is a failure to state a claim argument. *See Cooperman v. Empire HealthChoice HMO, Inc.*, No. 1:24-CV-00866 (JLR), 2025 WL 950675, at *5 (S.D.N.Y. Mar. 28, 2025) (collecting cases on this issue) ("Although the parties have briefed Plaintiffs' ability to bring a claim under ERISA Section 502(a)(1)(B) as a standing issue, the relevant inquiry is really whether Plaintiffs can assert a cause of action under ERISA.") At the same time, Article III standing requires that three elements be met that a plaintiff (i) suffer an injury in fact, (ii) such injury is fairly traceable to a defendant's conduct and (iii) it is likely to be redressed by the court. *See Spokeo, Inc. v. Robins*, 578 U.S. 330, 338 (2016); *Reynolds v. United States Internal Revenue Serv.*, No. 25-CV-03447 (NJC) (JMW), 2025 WL 3514102, at *2 (E.D.N.Y. Dec. 8, 2025) (same). The second element is of concern here if Defendant is not the proper party.

 "Claims to enforce the terms of a benefits plan under Sections 502(a)(1)(B) or (a)(3) of ERISA are properly brought against '(1) the plan, (2) the plan administrator, (3) the plan trustee, or (4) a claims administrator who exercises total control over claims for benefits.'" *Doe v.*

*Oxford Health Plans (NY), Inc.*, No. 24-CV-5922 (LJL), 2025 WL 1105287, at *7 (S.D.N.Y. Apr. 14, 2025) (quoting *Popovchak v. UnitedHealth Grp. Inc.*, 692 F. Supp. 3d 392, 417 (S.D.N.Y. 2023)) (finding that "OHI is the underwriter and the administrator of the Plan and is the proper Defendant"). Therefore, if Defendant can demonstrate that it is not the proper party, the Court will likely dismiss the action.

Moreover, Plaintiff's Amended Complaint includes a claim for unjust enrichment, which is likely preempted. ERISA § 514(a) states that that ERISA "shall supersede any and all State laws insofar as they may now or hereafter relate to any employee benefit plan." 29 U.S.C. § 1144. The Second Circuit has provided clear guidance as to whether a plaintiff's state law claims are preempted by ERISA when, as here, the claim relates to a patient's ERISA plan. *Park Ave. Podiatric Care, P.L.L.C. v. Cigna Health & Life Ins. Co.*, No. 23-cv-1134, 2024 WL 2813721 at *2 (2d Cir. June 3, 2024). In *Park Ave.*, the Court stated:

> Section 514(a) provides that ERISA supersedes or preempts all state laws insofar as they relate to any employee benefit plan. The Supreme Court has explained that this means ERISA also preempts state common law claims that seek to rectify alleged improper processing of a claim for benefits under ERISA-regulated plans. ... A state law relates to an ERISA plan if it has a connection with or reference to such a plan, or when the existence of a plan is a critical factor in establishing liability.

*Id.* (internal citations and quotations omitted) (cleaned up).

Here, the claim of unjust enrichment is connected to an ERISA plan as Plaintiff alleges it performed medical services on a patient, who was insured under Defendant's Plan. (ECF No. 12 at ¶ 58.) Specifically, Plaintiff alleges that "Defendant received the benefit of the discharge of the Defendant's duties under the plans by Plaintiff providing the underlying medical services to the Patient, Defendant's insureds." (*Id.*) With that, this claim is preempted by ERISA. *See Rowe Plastic Surgery of Long Island, P.C. v. United Health Care*, No. 23-CV-04541 (JMA) (JMW),

5

2025 WL 1715445, at *5 (E.D.N.Y. May 6, 2025), *report and recommendation* (collecting cases granting motions to dismiss or denying motions to amend due to ERISA preemption).

This is consistent with the approach taken by many Courts that have found that state law claims are preempted when such claims relate to an ERISA plan. *See e.g., Neurological Surgery, P.C. v. Siemens Corp.*, No. 17-CV-3477 (ADS) (AKT), 2017 WL 6397737, at *5 (E.D.N.Y. Dec. 12, 2017) (preempting state law claims including unjust enrichment, concluding that "all of the Plaintiffs state common law claims relate to the Plan and seek to rectify an alleged wrongful denial of benefits"); *Rowe Plastic Surgery of New Jersey, L.L.C. & East Coast Plastic Surgery, P.C., v. Aetna Life Insurance Co.*, No. 23-CV-3632 (SJB) (LKE), 2025 WL 1940325, at *6 (E.D.N.Y. July 15, 2025) (same) ("all five of the claims in the proposed Amended Complaint— and indeed all four of the claims in the operative Complaint—would 'require payment of specific benefits' under an ERISA plan; and the relationship between the parties would not exist but for the presence of an ERISA plan, making it a 'critical factor in establishing liability' "); *Cooperman v. Empire HealthChoice HMO, Inc.*, No. 24-CV-00866 (JLR), 2025 WL 950675, at *17 (S.D.N.Y. Mar. 28, 2025) ("the benefit conferred is plainly premised on the existence of the Plan, because 'where a healthcare provider claims unjust enrichment against an insurer, the benefit conferred, if any, is ... the discharge of the obligation the insurer owes to its insured' "); *Norman Maurice Rowe, M.D., M.H.A., L.L.C. v. UnitedHealthcare Serv., LLC*, No. 23-CV-0516 (OEM) (ARL), 2024 WL 4252045, at *4 (E.D.N.Y. Sept. 20, 2024) (collecting cases on ERISA preemption). Based on the above, the unjust enrichment claim will likewise likely not survive.

Accordingly, as the claims could result in dismissal, this factor weighs *in favor* of granting the stay.

## II.    **_Breadth of Discovery_**

In the absence of a stay, the parties will have to determine what discovery is required, including whether a full discovery schedule is necessary, or a more concise route makes practical sense. *See Ferrara v. Metro. Transportation Auth.*, No. 24-CV-09161(JPO)(RFT), 2025 WL 1653862, at *1 (S.D.N.Y. June 11, 2025) (granting a stay of discovery) ("The parties have not yet exchanged discovery requests, so it is not clear how broad discovery would be.") This is because Plaintiff has already changed its legal theories once since the inception of this matter. (*Compare* ECF No. 1 (relief under the Federal Arbitration Act, 9 U.S.C. § 9 and violations of the Federal No Suprises Act for non-payment of awards) *with* ECF No. 12 (improper denial of benefits under ERISA and unjust enrichment)). Thus, Defendant argues that "an assessment of the breadth and burden discovery can't be completed at this time in light of the uncertainty around which legal theories Plaintiff intends to pursue." (ECF No. 14-1 at 4.)  Importantly, "[e]ven if the motion is denied, discovery is likely to be somewhat limited and focused on the records used to determine payments to the Patient." *Jay Kripalani M.D., P.C. v. United Healthcare Croup*, No. 2:24-CV-05671 (NJC) (JMW), 2025 WL 27465, at *3 (E.D.N.Y. Jan. 3, 2025).

So, this may result in burdensome efforts that could be unnecessary if the action is dismissed or narrowed by the Court's ruling. Given the circumstances present here, granting the stay would help the parties "avoid substantial burden and waste of precious resources." *Posada v. E. Coast Cap. Corp.*, No. 23-CV-01579 (RER) (JMW), 2025 WL 2721621, at *3 (E.D.N.Y. Sept. 24, 2025) (quoting *Cohen v. Saraya USA, Inc.*, No. 23-CV-08079 (NJC)(JMW), 2024 WL 198405, at *3 (E.D.N.Y. Jan. 18, 2024)). This is particularly true where, as here, Defendant seeks to dismiss the entirety of the Amended Complaint. (*See* ECF No. 14-1 at 1.)

Based on the above, considering the unclear breadth of discovery, this factor weighs *in favor* of granting the stay.

### III.    <u>Risk of Unfair Prejudice</u>

This case is in its early stages. This action was commenced on October 16, 2025, and the Court has yet to hold the Initial Conference currently set for January 5, 2026. Delay alone does not form unfair prejudice in and of itself. *See Wiesel v. Apple Inc.*, No. 19-CV-7261 (JMA) (JMW), 2021 WL 5038764, at *3 (E.D.N.Y. Oct. 29, 2021). Courts in this Circuit grant short stays that will be vacated upon resolution of a motion to dismiss and "neither unnecessarily delay the action nor prejudice the plaintiffs thereby." *Spencer Trask Software & Info. Servs., LLC v. Rpost Int'l Ltd.*, 206 F.R.D. 367 (S.D.N.Y 2002). Here, a short stay is not likely to cause undue prejudice. *See Maddix v. City of New York*, No. 25-CV-01909 (HG), 2025 WL 1530648, at *3 (E.D.N.Y. May 29, 2025) (granting stay absent prejudice due to early stages of litigation). Indeed, Defendant avers that "Plaintiff agrees that discovery should be stayed in this matter, demonstrating it will not be prejudiced by a stay." (ECF No. 14-1 at 5.) Thus, this unopposed motion demonstrates *both* parties seek a stay. *See Concern for Indep. Living, Inc. v. Town of Southampton, New York*, No. 24-cv-07101 (RPK) (JMW), 2025 WL 327983, at *4 (E.D.N.Y. Jan. 29, 2025) (finding little to no prejudice if discovery were stayed where "Plaintiff has consented to a stay").

Accordingly, a careful consideration of the relevant factors and Defendant's submissions demonstrate that good cause indeed exists to warrant a stay of discovery pending resolution of the anticipated motion to dismiss. *See Chesney*, 236 F.R.D. at 115.

## CONCLUSION

For the foregoing reasons, Defendant's Motion to Stay (ECF No. 14) is **GRANTED**, and the Initial Conference scheduled for January 5, 2026, at 2:00 PM is hereby cancelled. Discovery is hereby stayed pending resolution of the anticipated motion to dismiss.  In the event the motion to dismiss is denied and any of the claims survive, then the parties are directed to meet and confer and file a joint letter with proposed discovery deadlines within five (5) days of the issuance of the Order on the motion to dismiss.

Dated:  Central Islip, New York
        January 2, 2026

S O   O R D E R E D:

/S/ *James M. Wicks*

JAMES M. WICKS
United States Magistrate Judge